**In re Betty M. HUNTER, a/k/a Betty M. Ballester, Respondent,**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 98–BG–1297.

District of Columbia Court of Appeals.

Aug. 12, 1999.

Before TERRY, FARRELL, and WASHINGTON, Associate Judges.

PER CURIAM.

On July 21, 1998, respondent, Betty M. Hunter, was suspended from practice before the United States District Court for the District of Columbia for ninety days. The District Court found that respondent had committed ethical violations in the course of her representation of a criminal defendant in a case in which an officer with whom she was romantically involved had participated in the arrest of the co-defendant and was to be a government witness at trial.[1]

Bar Counsel filed with this court a certified copy of the suspension order. On September 4, 1998, this court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("the Board"). On December 9, 1998, on respondent's motion (unopposed by Bar Counsel), we lifted the temporary suspension retroactively to December 4, 1998. The Board now recommends that respondent be suspended for ninety days as reciprocal discipline. The Board further recommends that this suspension be imposed *nunc pro tunc* to September 4, 1998, the effective date of respondent's temporary suspension. In the interim, Bar Counsel has informed the court that the United States Court of Appeals for the District of Columbia Circuit suspended respondent for ninety days in a separate reciprocal disciplinary proceeding.

---

1. Specifically, the court found that respondent had violated seven of the District of Columbia Rules of Professional Conduct: Rule 1.3(a) (duty to represent client zealously and diligently), Rule 1.4(b) (lawyer must explain matter to the extent necessary to permit client to make informed decisions regarding representation), Rule 1.7(b)(4) (lawyer shall not represent a client if, *inter alia*, the lawyer's judgment may be adversely affected by the lawyer's interest in a third party or by the lawyer's own personal interest), Rule 1.7(c) (lawyer must fully disclose existence and nature of possible adverse consequences of continued representation in the face of a conflict of interest and must obtain client's consent to such representation if the representation is to continue), Rule 1.16(a)(1) (lawyer has a duty to withdraw if representation will result in violation of ethical rules), Rule 8.4(a) (violation of the rules of professional conduct is itself professional misconduct), and Rule 8.4(d) (conduct that seriously interferes with the administration of justice constitutes professional misconduct).

Bar Counsel takes no exception to the Board's report and recommendation, and respondent has not filed any opposition to it. Given our limited scope of review and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Goldsborough*, 654 A.2d 1285 (D.C.1995); *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). Accordingly, it is

ORDERED that Betty M. Hunter, a/k/a Betty M. Ballester, shall be suspended from the practice of law in the District of Columbia for a period of ninety days. This suspension shall be effective *nunc pro tunc* as of September 4, 1998, the date of respondent's interim suspension.

TERRY, Associate J., concurring.

The Board, in its unanimous report and recommendation, "specifically decline[d] to say what the appropriate sanction would be if these facts were before the Board in an original jurisdiction proceeding." The Board went on to explain:

> In particular, we are troubled by the Disciplinary Panel's finding that Respondent displayed a lack of candor before the Panel and provided an affidavit as an exhibit that was of a dubious origin. If a dishonesty violation had been charged and found, a more severe sanction may have been appropriate.

I agree with these sentiments. If this case were before us as an original matter, I might well conclude that a ninety-day suspension is inadequate as a sanction for Ms. Hunter's disciplinary violations. However, since this is a reciprocal proceeding, it is subject to a well-established rebuttable presumption that our sanction will be the same as that imposed by the original disciplining authority, which in this case is the United States District Court for the District of Columbia. *See, e.g., In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). Accepting that presumption, I join in the court's opinion and in the sanction that it imposes.